■ DEENA CHERNOFF, Respondent, v. ELIAS H. CHERNOFF, Appellant.— Motion by appellant for a stay, pending appeal, denied. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ JULIAN MILLER, Appellant, v. ISIDORE MILLER et al., Respondents.— Motion by appellant for a limited stay pending appeal from order, denied. On the court's own motion, all proceedings in the action are stayed, pending appeal, on condition that appellant perfect the appeal and be ready to argue or submit it at the November Term, beginning October 22, 1962; appeal ordered on the calendar for said term. The record and appellant's brief must be served and filed on or before October 10, 1962. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

## (September 28, 1962)

■ BELLE R. STAMPLER, Respondent, v. ABRAHAM STAMPLER, Appellant.— Motion by appellant to dispense with printing; for a stay of the temporary alimony provisions of order pending the appeal therefrom; for a stay, pending trial of the action, of respondent's motion for an additional counsel fee and expenses to defend the appeal; and for a stay, pending the trial, of respondent's motion to punish appellant for contempt. The motion is granted to the following extent: The appeal will be heard upon the original papers and on the typewritten briefs of both parties; the appellant's brief to set forth the opinion, if any, rendered by the Special Term; and each party to file six copies of his or her typewritten brief and to serve one copy on the other. The several stays sought are granted pending the determination of the *appeal* only, on condition, however: (1) that the appeal be perfected and argued or submitted at the November Term, beginning October 22, 1962 — for which term the appeal is ordered on the calendar; (2) that, within 10 days after entry of the order hereon, appellant shall: (a) pay to respondent $250 on account of the counsel fee which has been awarded and which may be awarded; (b) pay to respondent $40 per week on account of the alimony; (c) pay all the accrued and current maintenance charges and expenses on the house occupied by respondent and owned by them as tenants by the entirety; and (d) file and serve an undertaking for $2,000, with corporate surety, to make all the payments directed by the order appealed from in the event it be affirmed in whole or in part or the appeal be dismissed; and (3) that respondent shall continue to have the exclusive use of the house pending the appeal and until the further order of the court. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

## THIRD DEPARTMENT, SEPTEMBER, 1962

## (September 12, 1962)

In decisions Nos. 1–11: Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.

■ (A) In the Matter of the Claim of MAX MOSKOWITZ, Appellant, v. TAXI TRANSIT COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (B) FRANCIS S. CREIGHTON, Respondent, v. MEBLE STRONG, Appellant. (C) WILFRED D. CHAGNON, Respondent, v. CLYDE C. CLARK et al., Appellants. (D) In the Matter of the Claim of REGINALD M. HUNTER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (E) In

the Matter of the Claim of Dorothy Rosenthal, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent. (F) In the Matter of the Claim of Henry Braun, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent. (G) In the Matter of the Claim of Ulysses Jenkins, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent. (H) In the Matter of the Claim of Mary Cefaratti, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent. (I) In the Matter of the Claim of Norma Ritzer, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent. (J) In the Matter of the Claim of Carmine La Rocca, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent. (K) In the Matter of the Claim of Jimmy Beckwith, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent. (L) In the Matter of the Claim of Nathan Ameer, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent. (M) In the Matter of the Claim of Ida Rothschild, Appellant. Martin P. Catherwood, as Industrial Commissioner, Respondent. (N) Wallkill Valley Federal Savings and Loan Association, Plaintiff, v. Martin Roggio et al., Defendants.— [In each action] Motions to dismiss appeals granted by default, without costs.

■ (A) In the Matter of the Claim of Michael Doherty, Respondent, v. Underpinning & Foundation Company et al., Appellants. Workmen's Compensation Board, Respondent. (B) In the Matter of the Claim of Paul Maring, Respondent, v. Automatic Telephone Service et al., Appellants. Workmen's Compensation Board, Respondent. (C) Sue Lichter, Respondent, v. Gene Krell et al., Defendants, and Jules Linzer et al., Appellants. (D) Frances Maine, Plaintiff, v. Paul Pelletier et al., Defendants. (E) Howard Maine, Plaintiff, v. Paul Pelletier et al., Defendants. (F) Genevieve Baggerly, Respondent, v. John F. Lucey et al., Appellants. (G) Edward Sznukowski, Respondent, v. B. F. Goodrich Company et al., Appellants.— [In each action] Appeal dismissed, without costs, unless appellant shall file and serve record, brief and note of issue for the November 1962 Term on or before October 11, 1962, in which event motion denied.

■ In the Matter of Stanley Simmons, Appellant, v. Russell G. Oswald, as Chairman of the Board of Parole, Respondent.— Permission to prosecute appeal as poor person granted. Appeal may be perfected upon one typewritten copy of the record and five typewritten copies of the brief.

■ (A) The People of the State of New York ex rel. Louis Grubbs, Appellant, v. R. E. Herold, as Director of Dannemora State Hospital, Respondent. (B) The People of the State of New York, Respondent, v. Thadeus Dobiesz, Appellant.— [In each action] Permission to prosecute appeals as poor persons granted. Appeals may be perfected upon one typewritten copy of the records and five typewritten copies of the briefs. Time to perfect appeals extended 90 days. Motions in all other respects denied.

■ (A) The People of the State of New York ex rel. John Williams, Appellant, v. Paul McGinnis, as Commissioner of Correction, Respondent. (B) The People of the State of New York, Respondent, v. Corey Leonard Beauchamp, Appellant. (C) The People of the State of New York, Respondent, v. Frederick F. McElroy, Appellant. (D) The People of the State of New York ex rel. George Shaw, Appellant, v. R. E. Herold, as Director of Dannemora State Hospital, Respondent. (E) The People of the State of New York ex rel. Burton N. Pugach, Appellant, v. J. Edwin La Vallee, as Warden of Clinton Prison, Respondent. (F) The People of the State of New York ex rel. Burton N. Pugach, Appellant, v. J. Edwin La Vallee, as Warden of Clinton Prison, Respondent. (G) The People of the State of New York, Respondent, v. Francis Joseph Ryan, Appellant. (H) The